RICHARDSON v. BROWN & LYLES and CUBBINS & GUNN.

1. BILLS AND NOTES. *Usury. Contracts. Pleading and practice.* When a bill of exchange, bearing twelve per cent. interest from maturity, purports to have been made in Mississippi, where such a stipulation would be valid, the bill will not be void on its face in contracting for usurious interest, and will give the holder *prima facie* right to recover. But it may be shown by proof to be a Tennessee contract, and subject to the interest laws of this State. Such violation releases the debtor from all interest in excess of six per cent. simply.

    Cases cited: Thompson v. Collins, Kellog & Co., 2 Head, 444; Senter & Co. v. Bowman, 5 Heis., 17; Branson v. Isler, 6 Hum., 279,

    Code cited: T. & S., sec. 1944a.

    Acts cited: Acts of 1835 and 1869–70, ch. 69.

    Constitution cited: Art. XI., sec. 7.

2. SAME. *Same.* Under secs. 1 and 2 of the act of 1869–70, whether the sum above the legal rate is contracted to be paid before, at the time the note falls due, or after it is due, is equally a contract for a sum of interest above the rate allowed by law, and is usurious.

FROM SHELBY.

Appeal from the Circuit Court.    C. W. HEISKELL, Judge.

ESTES & ELLETT for plaintiff.

BROWN & LYLES for defendant.

FREEMAN, J., delivered the opinion of the court.

Plaintiff sues defendants, as endorsers, on the following bill of exchange:

$10,000.          JACKSON, MISS., April 15, 1873.

Six months after date pay to the order of Messrs. Cubbins & Gunn and Brown & Lyles the sum of ten thousand dollars, value received, with interest at twelve per cent. per annum from maturity until paid.

MEMPHIS WATER COMPANY,

By JOHN CUBBINS, President.

Addressed to Toof, Phillips & Co., Memphis, Tennessee. Written across the face, " Accepted."

TOOF, PHILLIPS & CO.

Defendants plead the general issue, payment, and a special plea, denying that the bill of exchange was made at Jackson, Mississippi, as was alleged in the declaration; on the contrary, aver that it was made, endorsed, accepted, and delivered to defendants at Memphis, in the State of Tennessee, and that it was dated at Jackson, Mississippi, at request of plaintiff, and with the intent and purpose to evade and violate the laws of the State of Tennessee in relation to usury.

Plaintiff replied to this plea that the bill was made at Jackson, Mississippi, and not at Memphis, Tennessee, for the purpose of evading and violating the laws of Tennessee in relation to usury.

Upon the issues thus made the parties went to trial. It is proper to add that the declaration, averred the instrument to have been made in the State of Mississippi, and that by the laws of that State any rate of interest agreed upon in writing by the contracting parties may be charged and collected. Plaintiff sought judgment for the amount of said bill, with interest, etc.

Richardson v. Brown.

It is conceded that the law of Mississippi is as stated. The case was tried by the court without the intervention of a jury, and a judgment rendered for defendants, from which an appeal in error is prosecuted to this court.

The decision of the court was based upon the idea that the bill of exchange sued on was void on its face, and therefore no judgment could be rendered on the same in our courts.

We must assume the fact to be, from the finding of the court, based on the testimony in the record, that the bill was made, endorsed, and delivered in Tennessee. It is true, from the letters passed between the parties, it appears that the proposition to borrow the money was made to plaintiff by letter sent to him at Jackson, Mississippi, but there was no completion of the contract by such letters. They but opened the negotiations; the contract, as well as the bill, was made in the city of Memphis, the precise terms of the contract not being definitely settled by the letters referred to, but evidently agreed on after Richardson came to Memphis about the business.

On this state of facts the question is, whether the judgment of his honor, the circuit judge, can be sustained?

It may be remarked, that the place of the date of the bill, with the averments of the declaration, was made in the State of Mississippi, where the parties could contract for any sum as interest they might agree upon, and gave the plaintiff a *prima facie* right to recover, under the doctrine of the cases of *Thomp-*

son v. *Collins, Kellogg & Co.*, 2 Head, 444, and *Senter & Co.* v. *Bowman*, 5 Heis., 17.

This being so, it seems clear the bill was not void on its face for illegality in contracting for usurious interest. Had it been so, there was no necessity to raise the question by plea of facts showing the illegality, that is, that it was made in the State of Tennessee. Had this not been done, or the proof had not shown on the trial under the general issue, which probably might have been done, that the bill was a Tennessee contract, we take it, under the decisions cited, plaintiff would have been entitled to a judgment, on production before the court of his bill, with liability of the parties fixed according to law, as was done in the case. It is true Judge Caruthers, in his argument, 2 Head, 444, says: "If the note in that case was shown to have been made in Tennessee (if purporting to have been at St. Louis), it would be illegal on its face, and the plaintiff would be repelled from our courts." But this language is to be understood in connection with the question before him, and not literally. It could not mean that the note was void on its face by reason of its stipulation for interest at ten per cent., because the fact that it was made in Tennessee should be shown in proof, as this proof could not be held to be placed in the face of the note when made. He only meant that when proof should be made of the fact that it was a Tennessee contract, then the stipulation for the ten per cent. interest in connection with this proof rendered it void, by reason of this stipulation, and so evidently was the holding of the court in that case.

The question then is, whether a party can recover who sues on a bill, the illegality of the promise contained therein not appearing on its face, but shown under a plea and proof under the law of this State as it stood at the time of making this contract, and if so, to what extent?

It is conceded that, since the case of *Brunson* v. *Isler*, 6 Hum., 277, decided in 1845, and repeatedly recognized since, the rule has been settled in this State that where a party sues on a note or contract, on its face usurious, there can be no recovery. We need not stop here to criticise the soundness of this rule, as we do not have that question now before us. We only remark here, that logically, and on general principles, on the ground of illegality of the contract, the result would equally follow, whether shown on the face of the paper, or by plea and proof *aliunde*, no other rule being prescribed by statute.

We assume it to have been settled by the case of *Thompson* v. *Kellogg & Co.*, and *Senter & Co.* v. *Bowman*, that under our law as it then stood, where the illegality appeared, or could be made to appear, under plea and proof in cases like the present, then no recovery could be had, because of the fact thus shown. The court so held unquestionably, whether correctly or not we need not discuss. This was under the act of 1835.

In the view we take of this case, it is unnecessay to go into several questions of interest pressed upon our attention in the learned argument of counsel. The question of usury is one regulated by statute in our

State. By the Constitution of 1870, art. XI., sec. 7, it is provided: "The Legislature shall fix the rate of interest, and the rate so established shall be equal and uniform throughout the State; but the Legislature may provide for a conventional rate of interest, not to exceed ten per cent. per annum."

In pursuance of this provision of the Constitution the Legislature, by the act of 1869–70, ch. 69, T. & S. Code, sec. 1944*a*, and succeeding sections, regulated this question of a conventional rate of interest. The first section allowed parties to contract for interest not exceeding the rate of ten per cent. per annum, expressing the terms of the contract in the face of the instrument. The second provided that six per cent. should be the uniform rate of interest throughout the State, unless a different rate was agreed on by the parties, and reduced to writing in the face of the contract, as provided in the previous section. The third provided the penalty for violation of the provisions of the act by enacting: "If any person or persons shall violate the provisions of this act, and shall contract for a greater rate of interest than ten per cent. per annum, as herein provided, it shall be unlawful, and shall operate as a release of the debtor from all interest in excess of six per cent.; and if the same has been paid, it may be sued for and recovered by the party paying the same, or his heirs, personal representatives, or creditors.

We think it beyond question, this statute must be held to control in this case. Its object is to regulate the question of conventional interest in this State.

It does so by its provisions completely. The case before us is a contract made in Tennessee while this law was in force. It is a case of conventional interest, agreed on by the parties, and the rate placed in the face of the writing. It is shown to be such a contract by the defendants themselves under their plea. The statute, then, is definite and clear, that in each case of violation of its provisions, that is, by contracting for a larger per cent. than is allowed, such violation shall operate as a release of the debtor or debtors from all interest in excess of six per cent. This violation appears in this case, and the release follows; but this is all that does follow in the way of forfeiture by the terms of the statute. To hold that no recovery could be had for the principal, and six per cent. interest, would be to add to the statute, in addition to the release of the amount above, six per cent., the penalty of forfeiture of the whole debt, thus making the law, not enforcing that which has been made.

It is, however, earnestly insisted that the stipulation for interest being for twelve per cent. after maturity is not usurious, but is only in the nature of a penalty, for which numerous authorities are cited. We do not deem it necessary to go into an examination of these authorities in this case. Whether sound on principle or not is not important to us, as the question of what is usury is one well defined in our statute. Sec. 1943 of the Code is: "Interest is the compensation which may be demanded by the lender from the borrower, or creditor from the debtor, for the use of money."

Richardson *v.* Brown.

By the next section it is provided that six per cent. per annum shall be the rate, and any excess over that rate shall be usury. The same principle is found in the act of 1869–70, sections 2 and 3. Under these provisions it is clear that whether the sum above the legal rate is contracted to be paid before, at the time the note or bill falls due, or after it is due, it is equally a contract for a sum as interest above the rate allowed by law, and is usurious. What difference can it make in the essence of the transaction that the excessive rate shall be agreed to be paid for one period rather than another? Is it not equally the compensation demanded by the lender or the creditor for the use of his money? We think it is, most certainly. The fact that the party might relieve himself from this payment by payment of the bill at the day agreed upon for its falling due, only prevents other contracts from being enforced against him; but if he for any cause failed to pay, then the interest at the rate contracted becomes due by virtue of the agreement, is paid as interest for the continued use of the money, and is contrary to the requirements of the law.

We therefore hold, the court below erred in not rendering judgment for the amount of the bill, with six per cent. interest, and proceeding to render the proper judgment, direct one in accordance with this opinion.