\* BLANZ v. BAIN.

(*Jackson.* May 25, 1895.)

1. MARRIED WOMAN. *Liability upon contract for purchase of land.*

A married woman may avoid her contract for the purchase of land so far as to escape personal liability thereon, but she cannot thereby defeat sale of the land for the purchase price, or any part thereof, which she has failed to pay. (*Post, pp. 88–91.*)

Cases cited and approved: Jackson v. Rutledge, 3 Lea, 626; Hook v. Donaldson, 9 Lea, 60; Meagher v. Hollenberg, 9 Lea, 392; Browning v. Browning, 11 Lea, 110; Federlicht v. Glass, 13 Lea, 487; Willingham v. Leake, 7 Bax., 453.

2. SAME. *Same. Example.*

Hence, a married woman who purchased land at a sale for partition procured by herself, cannot avoid her contract when, with her consent, the sale was confirmed to herself, and her part of the proceeds credited on the purchase price, and where no effort was made to avoid the contract until after a resale of the land to a stranger for balance of purchase price that she had failed to pay. (*Post, pp. 88–91.*)

Cases cited and approved: Lasell v. Powell, 7 Cold., 377; Sexton v. Alberti. 10 Lea, 452.

3. JUDICIAL SALES. *Purchaser's rights.*

A stranger who purchases land sold under decree of a Court of general jurisdiction having jurisdiction of the parties and the subject-matter, has a right to assume that the decrees in the cause are regular and valid when nothing appears in the record to the contrary, and cannot be prejudiced by objections thereto made for the first time after his purchase. (*Post, pp. 91, 92.*)

---

\* The rights of a purchaser at a judicial sale as a *bona fide* purchaser are considered in an extensive note to Riley v. Martinelli (Cal.), 21 L. R. A., 33.

Blanz *v.* Bain.

Cases cited and approved: Anderson *v.* Ammonett, 9 Lea, 1;
Greenlaw *v.* Greenlaw, 16 Lea, 435.

FROM SHELBY.

Appeal from Chancery Court of Shelby County.
JONH L. T. SNEED, Ch.

WM. M. RANDOLPH & SONS for Blanz.

METCALF & WALKER and J. A. TAYLOR for Bain.

WILKES, J.   Complainant, Caroline, is one of
the heirs at law of John H. Bain.   The present
bill was filed by her against her mother, brother,
and sister for a settlement of her father's estate,
and a partition or sale for partition of his lands.
The mother died pending the suit, after dower and
homestead had been assigned to her as widow, and
there was a report that the remainder of the real
estate was not susceptible of partition in kind, and
that a sale was necessary for that purpose.   A de-
cree was entered fixing the interests of the parties,
and ordering the land sold in three parcels.   Mrs.
Blanz, the complainant, bid off lot No. 3 at $3,725,
and the sale was reported, but not confirmed at
the time.   A report was also made, showing the
amount to which each heir would be entitled from
proceeds of sale and rents, treating all the sales as

valid, which was confirmed without exception. Mrs. Blanz having failed to comply with the terms of sale, a *scire facias* was issued against her and her husband to show cause why the sale to her should not be confirmed, and this was duly executed. The hearing of this *sci. fa.* was postponed from day to day, but, after some delay, it was heard, and the sale to Mrs. Blanz confirmed without exceptions. A report was also made and confirmed, reciting that Mrs. Blanz would be entitled to at least $1,200 out of the proceeds of the sale of the lots, which should be applied *pro tanto* to her purchase, leaving a balance due by her on her purchase, which was also, without exception, confirmed. The decree of confirmation directs that, unless this balance is paid within sixty days, the Clerk and Master should advertise and sell the lot; and a reference was also made as to rents and taxes. Accordingly, an account was filed, showing balance due from Mrs. Blanz of $1,555.54, after allowing her credit for taxes paid and her part of rents and proceeds of all the sales; and this was also confirmed without exception, the decree reciting upon its face that the parties appeared by counsel in open Court, and stated that said report was correct, and no exceptions would be filed thereto, and that all parties requested its confirmation. The decree further provided that the sale to Mrs. Blanz be confirmed, and all right, title, and interest of all other parties be divested out of them and vested in Mrs.

Blanz as to lot No. 3, subject to a lien for the balance of $1,555.54 and interest, and unless that amount was paid within sixty days the lot should be advertised, resold for cash, and free from any right of redemption. Accordingly, the resale was made, when D. Campodonnico became the purchaser for $1,935, and paid the same into Court. Mrs. Blanz and her husband filed exceptions to the report of sale, and petitioned to be discharged from her purchase, upon the ground that Mrs. Blanz was a married woman when the bill was filed and the several decrees were entered, and when the property was sold and bid off by her, and that she did not, therefore, bind herself by the purchase. These exceptions were overruled, petition dismissed, the report of sale confirmed, title vested in the purchaser, and a writ of possession was ordered to issue. Whereupon, complainant, Caroline Blanz, and her husband, appealed.

The contention in this Court is, that Mrs. Blanz, being a married woman, did not and could not bind herself for the purchase of the lot, and that the action of the Court below is virtually to specifically enforce such contract against her will. It does not appear that Mrs. Blanz excepted to the action of the Court in confirming the sale to her and in applying her interest in the property *pro tanto* to the payment of her purchase; but, on the contrary, this action of the Court appears, from the face of the decree, to have been at her request and by her

Blanz *v.* Bain.

consent. It is proper to note that no personal de-. cree was rendered or sought against her for the amount of her bid, and there was no request or direction that the resale be made at her risk or expense. While it is true that a married woman may avoid her contracts so as to escape personal liability upon them, it is also well settled that, if she contract to purchase real estate, and fail to pay for the same, it may be sold for the purchase money, or any part of it, that may remain unpaid. *Jackson* v. *Rutledge,* 3 Lea, 626; *Hook* v. *Donaldson,* 9 Lea, 60; *Meagher* v. *Hollenberg,* 9 Lea, 392; *Browning* v. *Browning,* 11 Lea, 110; *Federlicht* v. *Glass,* 13 Lea, 487; *Willingham* v. *Lake,* 7 Bax., 453.

The sale having been made in the first instance at her request, and she having bid off the lot of land, and allowed the same to be confirmed to her, and title vested in her, and her share of the proceeds credited on her purchase, and a decree to sell the lot for the balance of purchase money, all without objection and by her consent, it was too late to object at a subsequent term, after the land had been resold. *Lasalle* v. *Powell,* 7 Cold., 277; *Sexton* v. *Alberta,* 10 Lea, 452.

The Court being a Court of general jurisdiction, and having jurisdiction of the parties and the subject-matter, the purchaser, Campodonnico, being a stranger to the record, had a right to assume that the decrees in the cause were regular and valid

(*Anderson* v. *Ammonett*, 9 Lea, 1–11), and his title cannot be affected by objections made for the first time after he had purchased, and paid in the purchase money. *Greenlaw* v. *Greenlaw*, 16 Lea, 435.

The decree of the Chancellor is affirmed, and cause remanded. The costs of the appeal will be paid out of the funds in the Court below, and charged up to complainant.