# BANG v. WINDMILL CO.

## (*Nashville.* March 13, 1896.)

1. BILLS AND NOTES. *Usurious, when.*

A note, though purporting to be given for labor and materials,
is usurious upon its face, where it provides for six per cent.
interest until its maturity and for ten per cent. interest after
its maturity until paid. (*Post, pp. 362–365.*)

Cases cited and approved: Richardson v. Brown, 9 Bax., 242 (S.
C., 1 Leg. Rep., 349); 6 L. R. A., 427; 14 Am. Rep., 130.

Cited and distinguished: Garritty v. Cripp, 4 Bax., 86; Brown v.
Gardner, 4 Lea, 157; Bank v. Mann, 94 Tenn., 17.

2. CHANCERY PLEADING AND PRACTICE. *Cancellation of usurious
note, granted when.*

A note illegal on its face will be adjudged wholly void and un-
collectible in an unsuccessful action by the maker to enjoin
its collection on the ground that it is void for want of considera-
tion, where a transferee thereof brings the note into Court
in its illegal shape by a cross bill, and asks to have it enforced.
(*Post, pp. 367, 368.*)

Cases cited and approved: Ottenheimer v. Cook, 10 Heis., 309;
Bank v. Mann, 94 Tenn., 22.

3. SAME. *Relief upon answer and proof.*

Doctrine reaffirmed that relief may be granted upon matters
which are not averred in the bill, but made to appear in the
answer and by proof. This principle is not applicable, how-
ever, to this case. (*Post, pp. 365–367.*)

Cases cited and approved: Rose v. Mynatt, 7 Yer., 31: Bailey v.
Bailey, 8 Hum., 230; Mulloy v. Young, 10 Hum., 297; Bartee v.
Thompkins, 4 Sneed, 623.

4. CANCELLATION. *Of usurious note at suit of maker.*

Doctrine reaffimed that cancellation of note, usurious upon its
face, will not be decreed in equity at suit of maker, except

---

Bang *v.* Windmill Co.

---

upon condition that he shall pay what is justly and legally due on the note after deducting the usury.   (*Post, pp. 365–367.*)

Case cited and approved: Sporrer *v.* Eifler, 1 Heis., 636.

5. ACTION.  *Upon usurious note, no recovery for original consideration.*

In an action by the assignee upon a note usurious upon its face there can be no recovery upon the original consideration. (*Post, p. 368.*)

Cases cited and approved: Bank *v.* Mann, 94 Tenn., 22; Ottenheimer *v.* Cook, 10 Heis., 309.

---

FROM   DAVIDSON.

---

Appeal from Chancery Court of Davidson County. THOS. H. MALONE, Ch.

N. D. MALONE, for Bang.

A. G. GOODLETT, for Windmill Company.

WILKES, J.   This bill was filed to enjoin the collection of a note or paper writing, which is in the following words and figures :

"$331.00.      NASHVILLE, TENN., March, 17, 1893.

"On or before November 1, 1893, after date, I promise to pay to L. F. Butler & Co., or order, at First National Bank, Nashville, Tenn., three hundred and thirty-one dollars for value received, with interest at the rate of six per cent. per annum from the date hereof, and ten per cent. after due until paid, together with ten per cent. attorney's fees, if

sued upon or placed in the hands of an attorney for collection. Failure to pay interest annually, or to comply with any condition named, renders this and all other notes growing out of same claim due and payable at option of payee. This note is given for certain labor and goods and materials furnished in the erection of an improvement upon my real property in the nature of a windmill and attachments, by the payee, pursuant to previous written order in that behalf and the execution, delivery, and acceptance of this note shall not in any way or manner be deemed a waiver of any lien the payee may have therefor upon said real property in said written order described.

"W. F. BANG."

The bill filed was against the Phelps & Bigelow Windmill Company, the Kalamazoo National Bank, and the City Savings Bank of Nashville. Its allegations were that the mill was not as represented and was worthless, and that complainant had given notice of this fact; that Butler & Company were but agents of the Windmill Company, and the Kalamazoo bank was virtually the same as the company, and not an innocent holder of the note; that the Nashville bank simply held it for collection; that the windmill company was a foreign corporation, and had not complied with the law as to registration of its charter. The City Savings Bank answered simply that it held the note for collection, and knew nothing of the other matters alleged.

The Kalamazoo bank answered, claiming to have received the note in due course of trade, and that it was an innocent holder. It filed its answer as a cross bill, set out the note, and prayed for judgment for the full amount of debt, interest as provided, and attorney's fees. This was answered by complainant. The Chancellor gave judgment for the amount of the note, etc., in favor of the Kalamazoo bank, and the defendant appealed and assigned errors. The cause was tried by the Court of Chancery Appeals and the decree of the Chancellor was reversed, and decree ordered declaring the note void, and remanding the cause for the cancellation and delivery of the same, with costs against the defendants in the original bill. The cause is now before us on appeal by the defendant bank.

Two points were raised in the Court of Chancery Appeals that appear not to have been made previously. One that the note is non-negotiable, and the other that it is usurious on its face, and therefore illegal and void. The Court of Chancery Appeals did not decide whether the note was negotiable or not, nor whether it was without consideration, but was of opinion that it was upon its face illegal, usurious, and void, and we think that in this the Court was clearly correct. This is not a case similar to that of *Garritty* v. *Cripp*, 4 Bax., 86, and *Brown* v. *Gardner*, 4 Lea, 157; *Bank* v. *Mann*, 10 Pickle, 17, 22.

The substance of these cases is that a purchaser

may agree to give a larger amount upon a credit basis than for cash, and it will not be usurious, even though the instrument shows that the increase in price is based upon the delay, and is expressed as a per cent. instead of a round sum, the distinguishing feature being that, in those cases, there was no "forbearance of a debt" or "loan of money," but simply an increase in the amount to be paid or agreed on as a part of the original consideration.

In the case at bar the instrument provides for a credit till November 1, 1893. At that date, by the terms of the instrument, the amount of the original debt and six per cent. interest became due. Any indulgence after that date is the "forbearance of the debt," and, inasmuch as it is provided that for this forbearance ten per cent. must be paid, it is clearly usurious under our statute. See, also, *Graeme* v. *Adams*, 14 Am. Repts., 130; *Rogers* v. *Oneal*, 6 L. R. A., 427.

There is a class of cases holding that a stipulation for interest in excess of the legal rate, after maturity, shall be regarded not as usurious, but in the nature of a penalty to enforce prompt payment. But this holding has been expressly disapproved in *Richardson* v. *Brown*, 9 Bax., 242–249, as not in harmony with our laws defining usury. See same case, 1 Leg. Rep., 349, 352–354.

Clearly, the note in this case cannot be enforced under the cross bill of the Kalamazoo bank. Can it be canceled under the condition in which we find

the record? The answers of both the Kalamazoo and City Savings Bank set up the note, and under its cross bill the Kalamazoo bank seeks its collection, and it is filed in the record, and upon its face is illegal. The bill does not, however, proceed upon the idea of the illegality of the contract, but upon the failure of consideration, the mill being worthless. It has, however, the usual prayer for general relief.

In *Cox* v. *Waggoner*, 5 Sneed, 542, it is laid down as a correct rule of practice that, when a bill contains a prayer for general relief, but fails to make out a case for equitable interposition on behalf of the complainant, which is, however, clearly disclosed in the answer and proof, a Court of Equity will proceed to grant such relief as if the right thereto appeared on the face of the bill; and the authorities are numerous that relief to complainant may be predicated upon matters appearing in the answer and proof, and not in the bill. See *Rose* v. *Mynatt*, 7 Yer., 31–37; *Bailey* v. *Bailey*, 8 Hum., 230; *Neal* v. *Robinson*, 8 Hum., 435; *Mulloy* v. *Young*, 10 Hum., 297; *Bartee* v. *Thompkins*, 4 Sneed, 623.

The Court of Chancery Appeals granted relief upon the statements in the defendant's answer in accordance with these cases, but we think the case cannot be rested upon this basis without more. Under the pleadings the case is presented to us in a singular shape. The complainant, by his original bill, seeks to avoid and cancel the note upon the

broad ground that there is a failure of considera-
tion, but the Court of Chancery Appeals makes no
finding upon this point. The note, when produced,
shows upon its face an illegal contract. It is held
that a party setting up usury, not as a defense to
an action to enforce the claim, but to establish his
right to cancel the usurious contract, can only do
so on condition that he acknowledge and pay what
is justly due, and this rule applies even when the
illegality of the instrument appears on its face. In
other words, the holder of such instrument, illegal
on its face, will be repelled when he seeks to en-
force it, but if the party against whom the claim
exists takes the initiative and aggressive, and seeks
relief when he is not being sued, the only terms on
which the Court will interpose are that the plaintiff
pay the defendant what is really and justly due,
deducting the usury. *Sporrer* v. *Eifler et al.*, 1
Heis., 636; Story's Eq. Jur., Sec. 301.

But in this case the defendant not only answers,
but with it, and as a part of it, files a cross bill
setting out the note with its illegal provisions, and
prays for its enforcement. The cross bill being a
part of the answer, and incorporated with it, puts
the defendant in the attitude of seeking to enforce
the note in its illegal · shape. Defendant bank can
have no recovery, except it is entitled to such re-
covery on the instrument in its original illegal shape,
and can neither reform it nor have a recovery upon
the original consideration, as it was not a party to

that consideration. Under this anomalous condition, we are of opinion the bank cannot recover upon the note or written instrument, because of its illegality upon its face, and having, by its cross bill, brought the note into Court seeking its enforcement in its illegal shape, complainant has a right to have it declared wholly void and uncollectible. This results not simply out of matters divulged in the answer, but also upon the active effort of the bank to enforce the note in its illegal shape by its cross bill. The illegality appearing on the face of the instrument, no recovery can be had upon it by the holder. *Bank* v. *Mann*, 10 Pickle, 22, and authorities there cited. Nor can any be had upon the original consideration by complainant bank as assignee or holder of such instrument, because no such claim is made, and, if made, would not be sustained in favor of a mere assignee of the instrument in the absence of an express promise to the assignee. The suit involves the written instrument alone, and that being illegal, it must be so declared under the cross bill. *Ottenheimer* v. *Cook*, 10 Heis., 309; *Bank* v. *Mann*, 10 Pickle, 22.

We think the proper decree in the case is to declare the note illegal and void, and dismiss the defendant's cross bill seeking to enforce it. The bill of complainant must also be dismissed, since he has not made out his case as to a failure of the original consideration. The costs will be equally divided between complainant and defendants.