UNION & PLANTERS BANK & TRUST CO. v. J. A. EVANS, JR.

Western Section. June 22, 1928.

No petition for Certiorari was filed.

64

Sively, Evans & McCadden, of Memphis, for appellant.

Dodds, Harper & Posert, of Memphis, for appellee.

SENTER, J. The appeal in this cause is from the decree ( Chancellor for a deficiency judgment in favor of complainar against the defendant for the sum of $5,927.77, and the cc the cause.

The bill alleges that on December 15, 1926, the defendant executed and delivered to complainant a certain negotiable promissory note in the sum of $20,500, together with three interest notes; two of said interest notes being for the sum of $410 each, having been paid before the filing of the bill, leaving one interest note for said sum of $410 unpaid and past due; that said notes bear interest from date of maturities, December 13, 1927, at the rate of eight per cent. per annum, and said notes provide for ten per cent attorney's fees. Profert of said notes was made with the bill. The bill further alleges that the said notes were secured by a trust deed on certain farm lands in DeSoto county, Mississippi, and that default having occurred in the payment of the said indebtedness, complainant, through its attorney, foreclosed the trust deed and the property was sold January 13, 1928, subject to tax liens, for the sum of $18,500. The bill then alleges that the defendant became indebted to complainant for a deficiency as follows:

```
"Principal note due 12/13/27 .....................$20,500.00
 Interest note due 12/13/27 ...................... 410.00
 Interest on principal note 12/13/27 to 1/13/28 ...... 141.22
 Interest on interest note 12/13/27 to 1/13/28 ........ 2.82
```

| | | |
|---|---|---|
| Total principal and interest 1/13/28 | | $21,054.04 |
| Amount bid at sale | $18,500.00 | |
| Expense of sale | | |
| Attorney's fees 10% | $1850.00 | |
| Trustee's fees 5% | 925.00 | |
| Publication fee | 24.50 | |
| | $2799.00 | |

Net proceeds of sale to be credited on note......$15,700.00

Balance due on notes ..................... 5,353.24.''

The bill then alleges that said deficiency of $5,353.24 bears interest at rate of eight per cent. from and after January 13, 1928, and ten per cent. attorney's fees.

The prayer is for judgment for said amount with interest and attorney's fees as above set out, and for general relief.

Service of process was accepted by the attorney for the defendant. The defendant did not plead or answer, and the judgment was decreed against the defendant after an order pro confesso for the

amount sued for, the interest thereon at the rate of eight per cent. per annum and attorney's fees aggregating the said sum of $5,927.77. From this decree the defendant has appealed to this court, assigning errors directed to the action of the court in decreeing said judgment against the defendant, which assignment is based on the ground that the notes sued on were made in the State of Tennessee, and are payable in the State of Tennessee, and provide for interest after maturity at eight per cent. per annum; that said rate of interest is usurious on its face and cannot be enforced under the laws of the State of Tennessee; that the court erred in not dismissing the original bill.

It is the insistence of the defendant that where usury appears upon the face of the note sued on, usury need not be pleaded (citing Richardson v. Brown, 68 Tenn., 242; Bang v. Windmill Co., 96 Tenn., 365). In Richardson v. Brown, supra, it was held that a provision in the note for the payment of interest in excess of the legal rate after maturity comes within our statute, Code Section 1943, in the same way and manner as if the usurious rate of interest was from the date of the note, instead of after maturity. To the same effect is the holding in Bang v. Windmill Co., supra, and in which case it is said:

"There is a class of cases holding that a stipulation for interest in excess of the legal rate, after maturity, shall be regarded not as usurious, but in the nature of a penalty to enforce prompt payment. But this holding has been expressly disapproved in Richardson v. Brown, 9 Baxter, 242-249, as not in harmony with our laws defining usury."

In this case it appears that the property covered by the trust deed was located in the State of Mississippi, and there is a provision in the trust deed which reads as follows:

"The property herein described being located in the State of Mississippi, this deed of trust and the notes and indebtedness hereby secured shall, without regard to the place of contract or of payments, be construed and enforced according to the laws of the State of Mississippi, and with reference to the laws of this State the parties to this agreement are now contracting."

In Overton v. Bolton, 9 Heisk., 762, 24 Am. Rep., 367, after an elaborate discussion of the subject, the court said:

"In such cases it is presumed the parties contracted with a view to the rate of interest allowed by the law of the place of payment. It is upon this presumption the general rule is based: but where the parties, by the very terms of the contract, stipulate for a higher or lower rate of interest than is allowed by the law of the place where the payment is to be made, the presumption that the contract was made with a view to the law of that place cannot arise, and therefore does not apply. Six per cent. is the lawful rate of interest in Tennessee. Suppose the parties to this

suit had stipulated for the payment of five per cent. instead of ten; then could it have been said that the parties had contracted with a view to the laws of Tennessee, by which the rate of interest is estimated at six per cent., and, notwithstanding the stipulations in the contract for the reservation of the five per cent., the plaintiff would have been entitled to recover six per cent? Certainly not, because the stipulations for the payment of interest at the rate of five per cent. is of itself a substantive part of the contract, and rebuts the presumption which would arise in the absence of any contract upon the subject. . . . Then the parties may stipulate in the contract for a different rate of interest from the rate allowed by the law of the place of payment; and, when they do so stipulate, no presumption can arise that they entered into the transaction with a view to the law of the place of payment. The principle is the same, whether the stipulated rate be higher or lower than the rate allowed by the law of the place of performance, so it does not exceed the rate allowed by the law of the place where the contract is made. . . .

In the case of Bowman v. Price, 143 Tenn., on page 381-382, the court quotes with approval 39 Cyc., p. 897-898, where the rule is thus stated:

"When the parties to a contract of loan expressly stipulate that it shall be governed by the law of a particular State, this stipulation will be given effect, provided some element of the loan transaction is properly referable to that State. But when bad faith is shown and it is apparent that the stipulation that the law of another State shall govern is placed in the contract merely for the purpose of evading the usury laws of the forum which would otherwise be applicable, the stipulation will be ignored, and the law of the forum applied."

We find nothing in the transaction that would warrant a conclusion that the stipulation contained in the trust deed to the effect that it be construed and enforced according to the laws of the State of Mississippi, was inserted in the contract for the purpose of evading the usury laws of the State of Tennessee. The stipulation in the first clause explains why the provision is made, and that is because the property covered by the trust deed is located in the State of Mississippi, and the loan was evidently made on the security of the land covered by the trust deed. We are, therefore, of the opinion that the provision and stipulation in the trust deed must be given effect.

There is no proof in the record as to the legal rate of interest in the State of Mississippi. The bill does not allege the law of the State of Mississippi on the question of interest or usury. The notes and trust deed are contained in the record. While there was an order pro confesso taken against the defendant, yet, in the absence of any allega-

tion in the bill as to the legal rate of interest in the State of Mississippi, either before or after maturity of the debt, and in the absence of any evidence in the record as to the legal rate of interest, the presumption would be that the legal rate of interest in the State of Mississippi would be the same as the Tennessee rate, the suit having been brought in Tennessee. Hence, we must conclude, or rather presume, that the legal rate of interest in the State of Mississippi is six per cent. per annum, both before and after maturity. However, we think it is equally well settled that there is no such presumption in the matter of penalties for charging a usurious rate of interest, or stipulating in the face of the note for usurious rate of interest.

In the case of Hubble v. Morristown Land Co., 95 Tenn., 91, it is said:

"It follows that the validity of this contract must be determined by the law governing such contracts prevailing in the State of New Jersey. That law must be proved, since there is no presumption that the statutes of other states respecting penalties and forfeitures are similar to our own. The principle settled in Bagwell v. McTighe, 85 Tenn., 618, that, in the absence of proof to the contrary, this court will presume that the statutes of a sister State are the same as those of this State, has no application to statutes prescribing penalties or forfeitures. We cannot, therefore, presume that this contract is usurious and void by the laws of New Jersey."

To the same effect is the holding in Commission Co. v. Carroll & McCallum, 104 Tenn., 490, where it is said in the second headnote:

"It will not be presumed in the absence of proof of the usury laws of Missouri, that a Missouri contract, providing for the payment of eight per cent. interest is illegal. There is no presumption that the statutes of other states respecting penalties and forfeitures are like our own."

The conclusion we reach, is that in the absence of evidence as to the legal rate of interest in the State of Mississippi, it is presumed to be the same rate as in Tennessee, which is six per cent. per annum. We reach the further conclusion that no such presumption can be indulged with reference to the Tennessee statutes on the subject of penalties and forfeitures with reference to usurious interest, and in the absence of any proof that the State of Mississippi has such a statute, it cannot be presumed to have, and therefore the Tennessee law on the subject cannot be invoked by appellant in this case.

By section 3493-a1, Shannon's Code, it is provided:

"It shall be lawful in all cases where money is loaned in this State, whether to residents or non-residents, and is secured wholly by mortgage or trust deed on property, real or personal, situated in some other State, for the lender to contract for any rate of interest allowed by the law of the State where the property

pledged as security is situated; provided, in case of deficiency judgment no recovery on same can be had unless the excess interest over the legal rate in this State be allowed as a credit on said deficiency judgment."

We are of the opinion that the Chancellor was in error in allowing interest to be calculated at the rate of eight per cent. per annum on the notes sued on, and that the interest after maturity of the notes to the date of the judgment thereon should have been at the rate of six per cent. per annum. With this modification the decree of the Chancellor is affirmed, and a decree will be entered in this court in favor of complainant, based upon the conclusions above set out, and as follows:

Principal note due 12/13/27 .....................$20,500.00
Interest note due 12/13/27 ....................... 410.00
Interest on principal note 1 mo. at 6% rate ........ 104.55
Interest on interest note 1 month at 6% rate ........ 2.05

Total principal and interest to Jan. 13, 1928 ........$21,014.55
Less sale price of land after deducting expenses .. 15,700.80

Leaving the deficiency ........................ 5,313.75
Plus interest from Jan. 13 to Feb. 17 ........... 27.50
Plus attorneys fees 10% ...................... 534.12

Total $5,875.37

Said judgment to draw interest from February 17, 1928, at the rate of six per cent. per annum, and the cost of the cause, including the cost of this appeal.

In the view of the case we have thus taken, we deem it unnecessary to consider or pass upon the motion of appellee to remand the cause to the chancery court for the amendment. This appeal was in forma pauperis and no appeal bond.

Owen and Heiskell, JJ., concur.