DAVID WILSON

*v.*

ARTHUR G. DEALY and ROBERT S. ROURKE, d/b/a Dealy-Rourke Personnel Service.

434 S.W.2d 835.

(*Nashville,* December Term, 1967.)

Opinion filed August 23, 1968.

Petition to Rehear Denied December 20, 1968.

DAN GARFINKLE, Nashville, for plaintiff in error.

JOHN R. PARKER, Nashville, for defendants in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The present case is a suit on a contract and is before us on a stipulation of facts. David Wilson, the plaintiff in error, in a search for employment engaged the services of Arthur G. Dealy and Robert S. Rourke doing business as Dealy-Rourke Personnel Service, the defendant in error. Dealy-Rourke, an employment agency, performs the service of locating jobs for its clients. Wilson retained Dealy-Rourke's services by signing a standard form contract prepared by the latter. The contract terms reveal that if Dealy-Rourke referred Wilson to a job that he accepted he was then obligated to pay Dealy-Rourke a stipulated fee. The clause of the contract generating this litigation reads:

"The full fee is due and payable within thirty (30) days of beginning employment unless a suitable time-payment note has been signed and agreed upon. *Late charges of one and one half (1½%) per cent per month will be made on all accounts at the end of the thirty (30) day period.*" [Emphasis added.]

Dealy-Rourke referred Wilson to a job that he accepted. Wilson neither paid Dealy-Rourke's fee within the thirty day period nor executed a note contemplating eventual payment. Dealy-Rourke sued Wilson for their fee plus the late charges. Wilson's defense is that the late charges of one and one-half per cent per month amount to usury that makes the contract void. The trial court held that the late charges were not interest but a penalty for late payment, therefore the late charges were not usurious and the contract is valid entitling Dealy-Rourke to recover their fee plus the late charges. Wilson appeals.

The only issue raised by counsel is whether the late charge of one and one-half per cent per month is usury.

The definition of usury is found in T.C.A. secs. 47-14-103 and 104. T.C.A. sec. 47-14-103 defines interest as "* * * the *compensation* which may be demanded by the lender from the borrower, or the creditor from the debtor, *for the use of money.*" [Emphasis added.] T.C.A. sec. 47-14-104 defines usury by stating that "The amount of said compensation shall be at the rate of six dollars ($6.00) *for the use of* one hundred dollars ($100) for one (1) year; and every excess over that rate is usury." [Emphasis added.] From reading the statutes it appears that usury is an exaction of interest, compensation for the use of money, exceeding six per cent per year.

The one and one-half per cent per month late charges constitutes interest and is usurious only if it is compensation for the use of money. Counsel for Mr. Wilson relies upon the cases of *Richardson v. Brown,* 68 Tenn. 242 (1877) and *Bang v. Phelps & Bigelow Windmill Company,* 96 Tenn. 361, 34 S.W. 516 (1896) as authority for

determining that any specie of charge over six per cent per year made for the late payment of a debt is usury. We think this interpretation of the *Richardson* and *Bang* cases, supra, is too broad. Both *Richardson* and *Bang* cases, supra, involve a suit on a note requiring payment of interest above the legal rate after the maturity date. An issue in both the cases was whether the charge above the legal interest rate amounted to usury or whether it was only a penalty for late payment. In each case the court found that the charges above the legal interest rate were compensation for the continued use of the money loaned beyond the maturity date of the note. Being compensation for the use of money, the charges were subject to state regulation of the interest rate and because they exceeded the legal rate were usury that made the notes void. The *Richardson* and *Bang* cases, supra, held only that a charge for *interest* above the legal rate is usury.

 Whether a charge imposed because of late payment of a debt is compensation for the continued use of the money owed depends upon whether the late charge is made as consideration for an extension of the time for payment or as compensation for the damage done to the creditor by the debtor's failure to pay his debt when due. To constitute consideration for an extension of the time for payment of a matured debt, the charge must be paid as consideration for the creditor's forbearance of asserting his right of collection. The contract between Wilson and Dealy-Rourke does not obligate the latter to forbear collection of their fee if Wilson pays the late charges. Payment of the late charge by Wilson does not purchase an extension of time in which to pay his debt. Dealy-Rourke's fee is due absolutely, thirty days after Wilson accepts employment. At any time after Wilson

had been on the job for thirty days Dealy-Rourke could enforce their right to the agreed fee regardless of payment of the late charge by Wilson. The late charge of one and one-half per cent per month imposed by the contract is not then compensation for the use of money. The contract is not void because of usury. The late charge represents an attempt to liquidate the damages that would result should Wilson breach his obligation to pay the fee within the required time.

■■ The Restatement of Contracts, sec. 339, reads:

"(1) An agreement, made in advance of breach, fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

(a) * * *

(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation."

Damages that are certain or that are readily susceptible to accurate proof are not subject to liquidation by the agreement of the parties prior to a breach of the contract. If a breach of contract will result in damages that are certain or that are subject to accurate proof the innocent party's remedy is to recover for the actual damages sustained.

■ Wilson's primary contractual obligation is to pay a specified sum of money on a specified date. The damages foreseeably resulting from Wilson's failure to pay Dealy-Rourke their fee when due are the loss by Dealy-Rourke of the interest that the fee would produce at the legal rate plus the expense incident to carrying Wilson's account on the partnership books past the date when pay-

ment of the fee was due. Absent proof that Wilson is liable for special damages of a type amenable to liquidation, the above mentioned damages represent the entirety of Wilson's liability for his failure to pay Dealy-Rourke's fee on the due date. The damages foreseeably resulting from Wilson's breach of his contractual obligation are certain and easily provable; therefore the attempt to liquidate them by agreement prior to any breach of the contract is unenforceable.

Dealy-Rourke's remedy is to recover the actual damages that resulted from the failure of Wilson to pay his debt when due and for which Wilson can be proved to be liable. Affirmed and remanded. Plaintiff in error taxed with the costs.

### Opinion on Petition to Rehear

The basic contention of the petition to rehear is that interest at the legal rate should be the sole element of damages for the breach of a contract to pay a sum certain of money. Our original opinion determined that interest was only one, though normally the most important, element of damages for the failure to pay a designated sum of money as required by a contract. Due consideration of the three sources of authority cited by the petitioner leaves this Court still persuaded that its original opinion is correct. The portion of the case of *Morrison v. Searight,* 63 Tenn. 476, cited by the petitioner, is obiter dicta. Because of the extensive factual differences between the present case and *Morrison,* supra, to allow the dicta of the latter to control the outcome of the former would be a misapplication of principle.

Although some jurisdictions limit the recovery of damages for the breach of a contract to pay a sum cer-

tain of money to legal interest alone we believe the better rule, as stated in our original opinion, is to allow recovery of all damages which are the normal and foreseeable result of the breach of such a contract. A rule limiting damages in such a situation to interest alone provides compensation for only one part of the actual foreseeable damages. Such a rule would violate the basic principle of contract law that enables a person to recover all damages that are the reasonably foreseeable consequence of a breach of the contract.

The petition to rehear is therefore denied.