Jerry D. FERGUSON

v.

**ELECTRIC POWER BOARD OF CHATTANOOGA, TENNESSEE, and Tennessee Valley Authority.**

No. CIV–1–74–6.

United States District Court,
E. D. Tennessee, S. D.

July 16, 1974.

Horace L. Smith, Jr., Joe M. Parker and Atchley, Atchley & Cox, Chattanooga, Tenn., for plaintiff.

Will Allen Wilkerson, Chattanooga, Tenn., for Electric Power Board.

Robert H. Marquis, Gen. Counsel, TVA, Beauchamp E. Brogan, Associate Gen. Counsel, Justin M. Schwamm, Asst. Gen. Counsel and James E. Fox, TVA, Knoxville, Tenn., for Tennessee Valley Authority.

## MEMORANDUM OPINION

FRANK W. WILSON, Chief Judge.

This is a lawsuit brought by an electrical customer, acting upon his own behalf and on behalf of all other electrical customers similarly situated, seeking to have a portion of the charges for electricity declared to be in violation of the Tennessee usury laws (Tenn.Const. Art. XI, Sect. 7; TCA § 47–14–104) and in violation of the federal Truth In Lending Act (15 U.S.C. § 1601). The lawsuit was initially filed in the state court against the Electric Power Board of Chattanooga as the only defendant. Thereafter the plaintiff amended his complaint so as to join the Tennessee Valley Authority as a party defendant, whereupon the case was removed by that defendant to this court pursuant to 28 U.S.C. §§ 1337 and 1441. The case is presently before the Court upon a motion to dismiss and a motion for summary judgment filed on behalf of each defendant.

The plaintiff alleges in his complaint that he is a residential customer of the Electric Power Board (EPB) of Chattanooga, a municipally owned distributor of electricity in the Chattanooga, Tennessee area, which in turn purchases its electricity under contract from the Tennessee Valley Authority (TVA), a federal agency engaged in the production and wholesale distribution of electricity in the Tennessee Valley Area. He further alleges that it is the practice of the EPB to bill him and all residential customers upon a "net" and "gross" rate basis, the gross rate being 10% in excess of the net rate and the gross rate being payable if the customer does not pay the net bill within ten days of the billing date. The plaintiff alleges that the TVA, in its contract arrangement with the EPB, requires the EPB to in-

voice its residential customers upon this basis. Finally, the plaintiff alleges that he and others who were unable to pay their electric charges within ten days of billing have been required to pay the gross bill, or 10% in excess of the net bill, which additional charge the plaintiff contends is both a violation of the Tennessee usury laws and a violation of the federal Truth In Lending Law. Upon these allegations the plaintiff seeks to maintain a class action for both injunctive relief and monetary damages.

The defendants' motion to dismiss is based upon the contention that the foregoing allegations are insufficient to state a cause of action as to either party defendant. In addition, the defendants have moved for a summary judgment, filing in support of their motion a copy of the contract between the TVA and the EPB and an affidavit from the Manager of Power for the TVA. The matters set forth in these documents substantially accord with the allegations of the complaint and are uncontested by the plaintiff. It is accordingly undisputed that the contract between the TVA and the EPB, in addition to setting forth rate schedules at which EPB must sell electricity to its customers, includes the following provision:

> "Above rates are net, the gross rates being 10% higher. In the event the current monthly bill is not paid within ten days from date of bill, the gross rates shall apply."

Upon the foregoing state of the record, the defendants contend (1) that the gross rate billing requirement is valid under the provisions of the Tennessee Valley Authority Act as amended; (2) that the gross billing charge does not constitute interest and the Tennessee usury laws accordingly have no application to the charge; and (3) that the federal Truth In Lending Act is inapplicable to the electrical charge here complained of as both the TVA and the EPB are exempt from that Act with respect to such charges.

Turning first to the issue of the validity of the gross rate billing requirement under the TVA Act as amended, it would appear clear that the inclusion of such a provision in a TVA power sale and distribution contract would be within the discretion accorded that agency by Congress. Section 10 of the TVA Act [16 U.S.C. § 831i] expressly provides in relevant part:

> " . . . Provided further, That the Board is authorized to include in any contract for the sale of power such terms and conditions, including *resale rate schedules*, . . . as in its judgment may be necessary or desirable for carrying out the purposes of this chapter . . . " (Emphasis supplied)

Thus the setting of "resale rate schedules," limited only by the provision that they not violate the "purposes of this Act," is a clear and broad grant of discretion to the TVA Board to set power rates at the consumer level. In the absence of a clear violation of the "purposes of this Act" the matter of rate setting under the Tennessee Valley Authority Act is not subject to judicial review. Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed. 2d 788 (1958); Tennessee Electric Power Co. v. Tennessee Valley Authority, 21 F.Supp. 947 (E.D.Tenn.1938) (separate conclusion of law number 33) aff'd 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543 (1939); Virgin Islands Hotel Assn. v. Virgin Islands W. & P. Authority, 465 F.2d 1272 (3rd Cir. 1972); Hahn v. Gottlieb, 430 F.2d 1243 (1st Cir. 1970). The practice of billing electrical charges upon a net and gross rate basis, both within the TVA system and throughout the electrical power industry, predates both the original enactment and subsequent amendment of the TVA Act and cannot in any sense be said to be in violation of the "purposes" of that Act. Accordingly, under the supremacy clause as contained in Article VI of the United States Constitution, the Congressionally granted rate making authority of the

Tennessee Valley Authority is not subject to modification or interference by state legislation. *See* Johnson v. Maryland, 254 U.S. 51, 41 S.Ct. 16, 65 L.Ed. 126 (1920); Tennessee Valley Authority v. Kinzer, 142 F.2d 833 (6th Cir. 1954); Posey v. Tennessee Valley Authority, 93 F.2d 726 (5th Cir. 1937); Rainbow Realty Co. v. Tennessee Valley Authority, 124 F.Supp. 436 (M.D.Tenn.1954).

■■ Although the conclusion just stated is decisive of the lawsuit as regards the plaintiff's usury allegations, it is likewise clear that the gross rate charge under attack does not equate to "interest" as defined by statute and as interpreted by court decisions in Tennessee, and accordingly does not come within the state usury statutes. Interest, as limited by Article XI, § 7 of the Tennessee Constitution, is defined by statute as follows:

> "Interest is the compensation which may be demanded by the lender from the borrower, or the creditor from the debtor, for the use of money." TCA § 47–14–103.

In interpreting the constitutional limitation on "interest", the Supreme Court of Tennessee has stated that interest is the "price paid for the loan of money or the forebearance of debt". Dennis v. Sears-Roebuck & Co., 223 Tenn. 415, 425, 446 S.W.2d 260, 265 (1969). Furthermore, as held in Wilson v. Dealy, 222 Tenn. 196, 434 S.W.2d 835 (1968), a charge imposed because of late payment of a debt comes within the statutory definition of "interest" only where it is paid "as consideration for the creditor's forebearance of asserting his right of collection". It is accordingly clear that the

"gross rate" in the billing for electric service is neither a "payment for the use of money" nor is it "consideration for the creditor's forebearance . . . of collection." Accordingly, the Tennessee usury laws would have no application to a gross rate billing charge in an electrical utility rate structure. For analogous holdings in other state jurisdictions, *see* Coffelt v. Arkansas P. & L. Co., 248 Ark. 313, 451 S.W.2d 881 (1970); State ex rel. Utility Commission v. North Carolina Consumers Council, 18 N.C.App. 717, 198 S.E.2d 98 (1972), cert. denied, 284 N.C. 124, 199 S.E.2d 663 (1973); Central Hudson Gas & Electric Co. v. Napolatano, 277 App. Div. 441, 101 N.Y.S.2d 57 (1950).

■ Finally, and with reference to the plaintiff's allegation that the imposition of a gross rate billing charge for electrical service constitutes a failure to disclose in violation of the federal Truth In Lending Act on the part of the EPB, it is sufficient to note that the late payment provision of the power rates here under attack is specifically exempted from the disclosure provisions of that Act. Acting pursuant to 15 U.S.C. § 1604, the Federal Reserve Board has specifically exempted late charges in public utility bills from the disclosure provisions of the Act. *See* 12 C.F.R. § 226.3(d). Furthermore, both the civil and criminal penalties of the Truth In Lending Act are expressly made inapplicable to "the United States or any agency thereof" as well as "any agency of any State or political subdivision" 15 U.S.C. § 1612.

The defendant's motion to dismiss will be sustained. An order will enter accordingly.