### In re Dorothy B. C. JONES, Debtor.

### Bankruptcy No. 77–30662.

United States Bankruptcy Court,
M. D. Tennessee.

Jan. 8, 1980.

William P. Dougan, Nashville, Tenn., for Nat. Mortg. Co.

### ORDER

PAUL E. JENNINGS, Bankruptcy Judge.

This matter is before the court upon application of National Mortgage Company, seeking to impose late charges against the debtor on an arrearage which accrued prior to filing until this deficiency is satisfied and to impose a 2% late charge on each monthly mortgage payment received from the Chapter XIII Trustee which is more than 15 days late. The Trustee maintains that such late charges are penalties and are not allowable in a Chapter XIII proceeding.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 752, F.R.B.P.

National Mortgage Company (hereinafter National) filed a proof of claim accepting

the debtor's plan as to the deficiency. By amendment, the debt of National was brought inside the plan and a proof of claim accepting this arrangement was filed by National. Subsequent proofs of claim have been filed accepting payment through the plan of certain arrearages that arose during the administration of the case. Approximately fifteen months will be required to bring current the accrued deficiency.

The few courts that have considered the issue of late charges sustain the position of the Trustee and have held that such charges are penalties which are not allowable claims in a bankruptcy proceeding. The Fourth Circuit explained in *In re Hawks*, 471 F.2d 305, 308 (4th Cir. 1973):

> . . . Under the terms of its loan agreement, the appellant Loan Company is entitled to add substantial charge for delinquencies in making monthly payments. Such a charge is generally regarded as a penalty, certainly in the bankruptcy courts. As such, it is to be disallowed in bankruptcy proceedings (citations omitted) . . . (T)he appellant is subject to the jurisdiction of the bankruptcy court in the enforcement of its indebtedness and it will not, in the bankruptcy proceedings, be permitted to prove and collect the penalties provided in its loan agreement for late payments.

See also *Northtown Theatre Corp. v. Michelson*, 226 F.2d 212 (8th Cir. 1955); *In re The Bohack Corp.*, 2 Bankr.Ct.Dec. 1740 (E.D.N.Y.1977); *In re Meade Land and Development Company, Inc.*, CCH—Bankr.L. Rep. ¶ 64,003 (D.Pa.1971), aff'd 527 F.2d 280 (3rd Cir. 1975); *In re Bryant*, CCH Bankr.L. Rep. ¶ 64,390 (D.Va.1972).[1]

The general prohibition of penalties is found in § 57j of the Bankruptcy Act which forbids allowance of penalties owing to the United States, a state or a subdivision thereof. The basis of § 57j is the distinction between compensation of the creditor who has parted with something of value

and the penalty imposed on the debtor in an effort to regulate his behavior. Section 57j does not deal with penalties based on private contracts in which the debtor promises certain payments in the event of his breach of the agreement. However, the effect of this omission has been interpreted to mean that "as a general canon of construction, Congress may be presumed not to have granted to a private individual what by § 57j it denied to the sovereign state." 3 Collier on Bankruptcy ¶ 57.22 (14th ed.). *In re Southern Steel Co.*, 183 F. 498 (N.D.Ala. 1910).

As a result the bankruptcy courts have uniformly refused to enforce penalties of whatever type or character. 3 Collier on Bankruptcy ¶ 57.22. "A bankruptcy court is essentially a court of equity and will therefore not enforce a penalty." *In re Tastyeast*, 126 F.2d 879, 881 (3rd Cir. 1941). Thus the Court has refused to allow the penalty incurred by the debtor's default in payment of operating expenses during reorganization. *In re Sierra Trading Corporation*, 482 F.2d 333 (10th Cir. 1973). *See also Schafer's Bakeries*, 155 F.Supp. 902 (E.D. Mich.1957). Post-petition interest has been disallowed because it was considered to be in the nature of a penalty. *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 163, 67 S.Ct. 237, 91 L.Ed. 162. *See also* 6 Collier on Bankruptcy, ¶ 9.08, p. 1587 (14th ed.).

The policy behind the disallowance of interest or penalties was explained in *Vanston Bondholders Protective Comm. v. Green, supra*. "For legal suspension of an obligation to pay is an adequate reason why no added compensation or penalty should be enforced for failure to pay." At 167, 67 S.Ct. at 242. This rule is especially applicable in proceedings in which the debtor is attempting financial rehabilitation under the protection of the Bankruptcy Court. The court should not permit the creditors to

---

1. It may be noted that Tennessee case law indicates that late charges are in the nature of a penalty. The distinction is drawn between interest which is compensation for the continued use of money beyond the due date and late charges which represent an attempt to enforce prompt payment. *Wilson v. Dealy*, 222 Tenn. 196, 434 S.W.2d 835 (1968); *Bang v. Phelps & Bigelow Windmill Co.*, 96 Tenn. 361, 34 S.W. 516 (1896).

add further to the debtor's burden or subvert the purposes of the Chapter XIII proceedings. *Matter of Delaney,* 534 F.2d 645 (5th Cir. 1976). Following that reasoning the court disallowed interest after the filing date of a Chapter XIII plan where to allow such interest would destroy the plan. *In re Carpenter,* 363 F.Supp. 218 (W.D.Tenn. 1973).

In two similar situations the Court has allowed monies paid to a mortgagee under a Chapter XIII plan to be applied to current payments and arrearage without allowance of late penalties. *In re Townsend,* 348 F.Supp. 1284 (Mo.1970); *In re Pizzolato,* 281 F.Supp. 109 (Ark.1967).

 National maintains that the authorization of the 2% late charge by the National Housing Act controls in this situation. This ignores the jurisdictional grant of the bankruptcy courts. *See In the Matter of Chicago Rapid Transit Co.,* 129 F.2d 1 (7th Cir. 1942), *cert. denied Chicago Junction R. Co. v. Sprague,* 317 U.S. 683, 63 S.Ct. 205, 87 L.Ed. 547 (1942). *See also In re The Bohack Corp., supra,* where Consolidated Edison was not allowed to collect the late charges authorized by the Public Service Commission from the debtor in possession.

The court is not unmindful of the practical difficulties presented on each side. In order to handle the late payments, additional bookkeeping and accounting procedures are required of the mortgagee who thus incurs extra expense. The Chapter XIII debtor, on the other hand, is faced with late charges while she is attempting rehabilitation. This affects the debtor's ability to perform under the plan. It is the role of the bankruptcy court to balance the equities between creditor and creditor or between creditors and debtor. *Vanston Bondholders Protective Comm. v. Green, supra.* In this instance the equities lie with the debtor.

The mortgagee has expressed concern that the plan may affect the principal and interest covered by the mortgage. This concern is ill founded since the plan in no way affects either but merely provides for the curing of the default in the debtor's payments. There has been no proof of any difficulty in the payments presently made by the trustee pursuant to the plan.

Having determined the late charges to be in the nature of a penalty, the Court finds that they are not allowable in a Chapter XIII proceeding.

It is so ordered.

