# VIRGIN ISLANDS HOTEL ASSOCIATION, INC.

## v.

# VIRGIN ISLANDS WATER & POWER AUTHORITY, Appellant

## No. 72-1118

## (D.C. Civil Action No. 499-1971)

## United States Court of Appeals

### Third Circuit

## Argued May 26, 1972

## Decided June 28, 1972

RONALD H. TONKIN, ESQ., St. Thomas, V.I., *for appellant*

EVELYN N. COOPER, ESQ. (ISHERWOOD & COLIANNI), Christiansted, St. Croix, V.I., *for appellee*

Before STALEY, ALDISERT and HUNTER, *Circuit Judges*

OPINION OF THE COURT

STALEY, *Circuit Judge*

Appellant, Virgin Islands Water & Power Authority, appeals from a judgment of the District Court of the Virgin Islands enjoining the collection of electric power charges pursuant to an increased electric power rate schedule. The action for the injunction was brought by appellee, Virgin Islands Hotel Association, Inc., a nonprofit corporation whose membership consists of most of the hotels located in the Virgin Islands.

The instant litigation was precipitated by a press release on November 10, 1971, announcing an electric rate increase approximating 20%.[1] Public hearings were held on the several major islands beginning on November 16,

---

[1] At oral argument counsel for appellant states that the overall average increase was 21.2%. Broken down into classes of power consumers, the increases were as follows: residential, 18.8%; commercial, 18.8%; large power, 24.8%; street lights, 20.2%. Counsel stated that most of the hotels in the Virgin Islands fall into the large power class.

1971. On December 3, 1971, appellant's Governing Board heard the report on the public hearings and voted to place the new rate schedule into effect. The instant action was initiated on the same day and resulted in the district court's entry of judgment on February 4, 1972, enjoining the collection of power charges under the new rates but staying the injunction for a period of ten months. During the ten month period, appellant is to conduct new hearings and make a new rate study in order to redetermine the propriety of its proposed rates. If the current increases are determined to be reasonable, they will be continued. If reductions are required in these rates, the consumers will be reimbursed or credited with the difference between the current rates and whatever rates are determined, to be computed from December 1, 1971. If the appellant determines that certain rates would require even a greater increase than was announced on November 10, 1971, then such rates will become effective pursuant to the statutory procedure for setting new rates.

Appellant asserts, inter alia, that appellee has no standing to challenge the actions of the Authority, that the actions of the Authority in establishing a general rate schedule are not subject to judicial review by the District Court of the Virgin Islands, that the Authority fully complied with the procedures required by statute in determining the new rate schedule, and that there is no evidence on the record that appellant's actions were arbitrary or unreasonable or that the new rate schedule is unreasonable.

We must first examine appellant's argument that the district court had no jurisdiction over the subject matter of this action. This argument begins with the contention that the appellant is an autonomous governmental instrumentality and under the statutes of the Virgin Islands is vested with exclusive and plenary authority to operate and

manage its utility system. Appellant asserts that this authority was specifically delegated as a legislative function of the Virgin Islands Legislature. Appellant argues that since it is, by law, not subject to the jurisdiction of other agencies, departments, officers, and persons, and since it exercises delegated legislative authority, its action in adopting the rate increase was not subject to judicial review by the District Court of the Virgin Islands.

■ The applicable statute, 30 V.I.C. § 101 et seq., makes no provision for judicial review of the Authority's actions. Generally, however, a strong presumption exists in favor of review which can be overcome only by clear and convincing evidence that the Legislature intended otherwise. See, e.g., Barlow v. Collins, 397 U.S. 159, 167 (1970); Abbott Laboratories v. Gardner, 387 U.S. 136 (1967).

In support of its contention, appellant relies on Langevin v. Chenango Court, Inc., 447 F.2d 296 (C.A.2, 1971); and Hahn v. Gottlieb, 430 F.2d 1243 (C.A.1, 1970), both dealing with judicial review of FHA approved rent increases. In both Langevin and Hahn the court ruled that FHA decisions approving rent increases by private corporations receiving Federal subsidies were not subject to judicial review. We note that in each case the circuit court was considering a Federal agency action and applying the Administrative Procedure Act, specifically § 702 of that Act. (Title 5, United States Code). Each court held, based on different rationales, that judicial review was not available. In the instant case, however, we are confronted with an administrative arm of a territorial legislature.

■ It was undisputed at oral argument that changes in the general rate structure could have been made by the Virgin Islands Legislature, and it is clear that the Authority exercised delegated legislative power when it acted to increase the rates. On the basis of the rationale of Judge Coffin's opinion in Hahn v. Gottlieb, supra, we rule that the

judgment or expertise of the Authority in setting the electric power rates is a matter committed to its discretion by law and is not subject to judicial review. See also, Huntt v. Government of the Virgin Islands, 382 F.2d 38, 44 (C.A.3, 1967).

However, in both Langevin v. Chenango Court, Inc., 447 F.2d at 304, and Hahn v. Gottlieb, 430 F.2d at 1251, the court expressly stated that its holding of nonreviewability did not extend to "those rare cases where the FHA has ignored a plain statutory duty, exceeded its jurisdiction, or committed constitutional error." In the instant case, the plaintiff alleged and the district court found that appellant had ignored a statutory duty to provide a proper and meaningful hearing, and that appellant had committed constitutional error by denying plaintiff due process of law.

■ In our view, this appeal involves one of "those rare cases" where, because noncompliance with its statutory duties and constitutional infringement are alleged against the Authority, judicial review is available.

Appellant next denies the standing of appellee Hotel Association to challenge its actions. It contends that the Association is a nonprofit corporation which does not use electric power, is not a taxpayer, and in fact conducts no business in the Virgin Islands. It asserts that the Hotel Association has failed to establish that it will sustain injury as a result of the electric rate increase and therefore lacks standing to challenge the increase.

■■ Appellant's argument is without merit. An organization whose members are "injured" may represent those members in a proceeding for judicial review. NAACP v. Button, 371 U.S. 415, 428 (1963). The complaint in the instant case specifically asserted that the individual member hotels would suffer irreparable economic injury by virtue of the electric rate increases. Indeed, in its most

recent opinion on the point at issue, Sierra Club v. Morton, — U.S., —, 40 L.W. 4397 (Apr. 18, 1972), the Supreme Court made it clear that individual harm to an organization's members would give the organization standing to challenge an administrative action. In addition, the district court found, and we agree, that the interest sought to be protected here by the Association is within the zone of interests to be protected or regulated by the statute as required by Data Processing Service v. Camp, 397 U.S. 150 (1970).

We hold, therefore, that the Hotel Association has standing to challenge the legality of the Authority's action.

Having determined that there exists jurisdiction and standing, we can turn to an examination of the merits of this appeal. The essential issue and the crux of this entire matter involves the hearing mandated by 30 V.I.C. § 105 (a) (12).[2] The Authority is directed to hold a public hear-

---

[2] 30 V.I.C. § 105(a)(12) provides the Authority with power:

"(12) *to determine*, fix, alter, charge, and *collect reasonable rates*, fees, and other charges for the use of the facilities of the Authority, or for the services, water, electric power, or other commodities rendered or furnished by it, which shall be at least sufficient, together with all other available moneys, revenues, income and receipts of the Authority from all sources, for the payment of the expenses of the Authority incurred in connection with the repair, maintenance, use and operation of its facilities and properties, for the payment of the principal of and the interest on its bonds, and for fulfilling the terms and provisions of such covenants as may be made with, or for the benefit of, the purchasers or holders of any bonds of the Authority; Provided, That in fixing rates, fees, and other charges for water and electric power, the Authority shall have in view the encouragement of the widest economically possible use of water and electric power consistent with sound fiscal management; and in this connection it is the intention of the Legislature that in fixing such rates, fees and other charges the Authority shall take into account the respective expenses, as hereinbefore enumerated in this subparagraph, for the water and electric power systems; Provided, further, That initially, the Authority shall adopt the existing rates, fees and other charges for water and power, and that, thereafter, before changes in such general rate structure for water or electric power are made, or, in cases where the Board shall decide to make such changes, and deems the immediate effectiveness thereof to be necessary, then within a reasonable time after such changes are made, *a public hearing shall be held with respect thereto before the Board, or before such hearing officer or officers as the Board may designate to give interested persons an opportunity to advise the Board of their views and of evidence in support thereof,* and upon such hearing, the Board, pursuant to the powers, duties, and obligations vested in it by this chapter, may alter, suspend, or revoke such changes;" (Emphasis supplied.)

[ing] with respect to any changes in the general rate structure to give interested persons an opportunity to advise the Governing Board of their views and of evidence in support thereof. The district court ruled that such a hearing must of necessity be quasi-judicial, embracing all the procedural safeguards of due process of law. The Authority has argued vigorously that rate fixing is a function delegated to it by the Legislature, and that only a legislative hearing is required to which standards of due process are inapplicable.

■ We find it unnecessary to characterize the hearing as quasi-judicial or quasi-legislative. As Judge Friendly stated in Langevin v. Chenango Court, Inc., 447 F.2d at 301, such a distinction has long since gone to a deserved repose. The rate fixing procedure created by 30 V.I.C. § 105(a)(12) contemplates a *meaningful* public hearing at which interested persons can present their views and present *evidence in support thereof*. Concomitant with such a hearing are the essential requirements of adequate notice, dissemination to the public of the facts and figures on which the Authority relies, and an opportunity afforded to those attending the hearing to rebut such facts and figures.

■ These essential requirements were not met in the instant case. The hearings were begun one week after the press release regarding the rate increases. The rate study on which the new rate structure was based was not generally available.[3] We agree with the district court's finding that the underlying facts involved in the announced increase were quite complex and that a week was far too little time for the public to marshal its forces and prepare a case in opposition to the increase. Moreover, the failure

---

[3] Appellant contended at oral argument that the materials were available to those persons interested in reviewing them had they requested to see them. It was admitted, however, that the first actual opportunity to examine the rate study relied on for the increases came at the third hearing. We do not consider such a belated offer to be within the letter or spirit of the essential prerequisite for a meaningful hearing.

of the Authority to make generally available the primary source for its determination that increases were necessary only underscores the shortcomings of these hearings. It is thus clear that appellant, Virgin Islands Water & Power Authority, failed to comply with the statutory procedures set forth in 30 V.I.C. § 105(a)(12) in acting to change the general electric power rate schedule.

The district court enjoined the collection of rates under the new schedule but stayed the injunction for a period of ten months from February 4, 1972. The district court's judgment requires appellant to make "* * * a proper determination of reasonable electric power rates based upon an appropriate rate study and proper public hearings * * *." There is no duty imposed by 30 V.I.C. § 105(a)(12) to make rate studies as such, and our decision in this case is limited to the consideration of appellant's compliance with its statutory duties. We will affirm the district court but direct that its judgment be modified to require the Authority to conduct public hearings consistent with this opinion. Following such hearings, the Authority will be required to reconsider the matter of changes in the general electric rate schedules in light of the views expressed and evidence presented at those hearings.

The cause will be remanded to the district court for further proceedings consistent with this opinion.